

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2004

# Dedaj v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4725

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Dedaj v. Atty Gen USA" (2004). *2004 Decisions.* Paper 51.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/51

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-4725
_____

FRAN DEDAJ,

Petitioner

v.

JOHN ASHCROFT,
Attorney General of the United States,

Respondent

_____

On Petition for Review of a Decision by the
Board of Immigration Appeals
(No. A76-016-190 )
_____

Submitted Under Third Circuit LAR 34.1(a)
December 13, 2004

Before: NYGAARD, ROSENN, and BECKER, <u>Circuit</u> <u>Judges</u>.

(Filed: December 21, 2004)

_____

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Petitioner Fran Dedaj is a native and citizen of Albania who petitions this Court for review of a final order of removal by the Board of Immigration Appeals (Board). We have jurisdiction under 8 U.S.C. § 1252 and now deny the petition.

**I.**

Dedaj arrived in the United States in September of 1999. He was detained upon entering the United States and the Immigration and Naturalization Service (INS)[1] issued a Notice to Appear. In October of 1999, Dedaj appeared before an Immigration Judge and conceded removability. At the hearing, he filed a claim for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). These claims were ultimately heard on the merits and denied. Dedaj appealed the decision to the Board which conducted a *de novo* review of his claim. His claims for relief were again denied.

On September 16, 2003 Dedaj filed a motion to reopen with the Board based on newly discovered evidence that would support his claim. After reviewing his motion, the Board declined to reopen the case. The Board determined that Dedaj had not

_____

1.  The Department of Homeland Security now handles the enforcement functions of the Immigration and Naturalization Service.

met the heavy burden necessary to reopen an application for asylum, withholding of removal or protection under CAT. The Board also concluded that the evidence presented by Dedaj was not highly probative of his claims and was an attempt to relitigate the claims already denied by the Board. Petitioner now appeals the Board's refusal to reopen his case.

## II.

As we write only for the parties, we review the facts briefly. Dedaj was a member of the Democratic Party in Albania. Although no longer a Communist country, the majority party in Albania is the Socialist Party, which consists mainly of former members of the Communist Party. The event that precipitated Dedaj's flight from Albania was the murder of his brother, Tonin. According to Dedaj, his brother was killed by operatives of the Socialist Party. When Dedaj attempted to prosecute his brother's killer, he was confronted by members of the Socialist Party and told that he too would be killed if he continued his investigation. Shortly thereafter, Mr. Dedaj went into hiding and came to the United States.

These facts formed the basis of Mr. Dedaj's initial claim for asylum, withholding of removal, and protection under CAT. In his motion to reopen, Dedaj submitted additional support for these claims. Specifically, he submitted a letter from the Democratic Party in Albania, supporting his claim that he was a member, and letters from

3

his surviving brothers regarding Tonin's death and Dedaj's involvement with the Democratic Party.

## III.

Motions to reopen are governed by Title 8 of the Code of Federal Regulations, Section 1003.2. Wether to reopen a case is a decision within the discretion of the board. 8 C.F.R. § 1003.2(a). Motions to reopen, like motions for a new trial, are traditionally disfavored. *INS v. Abudu*, 485 U.S. 94, 110 (1988). Indeed, the Board may deny such a motion even if the party makes out a *prima facie* case for relief. 8 C.F.R. § 1003.2(a); *Abudu*, 485 U.S. at 105-6. There is a strong public interest in bringing the litigation to a close as promptly as fairness allows. *Abudu*, 485 U.S. at 107. Thus, in situations such as this, where the Board finds that the Petitioner has not introduced material, previously unavailable evidence, we review only for abuse of discretion. *Id.* at 105-6; *Sevoian v. Ashcroft*, 290 F.3d 166, 169-70 (3d Cir. 2002).

## IV.

Dedaj has not established that the Board abused its discretion. The Board found that Dedaj was attempting to relitigate arguments that he made previously in his initial application and appeal. (App. at 2). The relevant regulation is written in the negative and provides that motions to reopen "shall not be granted unless" the evidence offered by the Petitioner is "material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). The evidence

4

presented by Dedaj is simply an expansion of the evidence presented at his initial hearing. He has not established that the additional evidence is material. The factual basis for Dedaj's claim has not changed based on the additional evidence—he still seeks asylum based on his membership in the Democratic Party. Dedaj has not established that this evidence was previously unavailable to him.

Furthermore, the evidence does not show that Dedaj was eligible for political asylum. Despite the fact that Dedaj and his brother were politically active, and that his brother's death may have been due to his political beliefs, Dedaj testified that the masked men stated only that they were threatening him because he was seeking his brother's killer. An asylum applicant must present evidence that compels the conclusion that the alleged persecutors desire to punish him "on account of" one of the protected grounds. *See Amanfi v. Ashcroft*, 328 F.3d 719 (3d Cir. 2003). The Board did not abuse its discretion in finding that Dedaj failed to meet his substantial burden of presenting new, material evidence. The Petition for Review is denied.